**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220380-U

Order filed November 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0380 Circuit No. 16-CF-2229 |
| JAVIER N. HEREDIA-RIOS, | ) ) ) | Honorable Sarah-Marie F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not abuse its discretion in denying defendant's request for a continuance on the day of trial to retain new counsel.

¶ 2     Defendant, Javier N. Heredia-Rios, was convicted of first degree murder and concealment of a homicidal death. On appeal, defendant argues the Will County circuit court abused its discretion in denying his request for a pretrial continuance to retain private counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Defendant was charged by indictment with first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2016)) and concealment of a homicidal death (*id.* § 9-3.4(a)). The charges alleged that on October 16, 2016, defendant caused the death of Oscar Garrido-Castro by strangling him and striking him in the head with a hammer. Defendant then concealed Garrido-Castro's body by wrapping him in a cloth and placing him in the rear hatch of Garrido-Castro's vehicle.

¶ 5 Defendant was appointed a public defender and the case proceeded to a bench trial. On November 2, 2021, immediately prior to the start of trial, defense counsel informed the court that defendant was requesting a six-month continuance to retain private counsel and the following colloquy transpired:

> "[DEFENSE COUNSEL]: At this time, in speaking with the defendant, he has indicated that he wants a continuance of the trial to hire private counsel. And by way of representation for that continuance, judge, it is my understanding through the defendant that his family has been attempting or has contacted a couple of attorneys.
>
> He was supposed to receive a telephone call today or be able to make a call today, this morning, with regards to that, but was brought to court instead and in error because his case was not on the call, I guess, until this afternoon. So he was unable to either receive or make that call to get that information in order for me to provide that to the Court.
>
> I understand, judge—by way of record, I understand that this case has been pending for a substantial amount of time and that I do not believe at this time that a continuance on—for the defendant in order to obtain his counsel would be any undue burden to anyone involved in this particular case.

2

I also need, I guess, to inform the Court that the defendant has fired or said that he was firing me today while we were in court discussing this motion. He's also firing co-counsel.

\*\*\*

[DEFENSE COUNSEL]: The defendant is the one that is sitting in custody, and he is asking for six months, a six-month continuance.

\* \* \*

[DEFENSE COUNSEL]: And it is not for the purpose of delay of this trial, judge. It is solely because I don't know that he has confidence in his counsel, his current counsel, which would be myself and [co-counsel].

THE COURT: [Defense Counsel], how long have you personally represented this defendant?

[DEFENSE COUNSEL]: Several years.

THE COURT: Okay. And today is the afternoon of trial, correct?

[DEFENSE COUNSEL]: Yes, judge.

THE COURT: And were you able to—we were out on an extended recess where I cleared the courtroom out so you and [co-counsel] could speak with [defendant]. The courtroom security personnel had to be present and the interpreter.

Did you go over the stipulations with your client?

[DEFENSE COUNSEL]: Yes, judge.

THE COURT: On behalf of your client, he is making a request for a continuance?

[DEFENSE COUNSEL]: Yes.

3

THE COURT: Couple things, it is untimely made. It is without cause. And here's the thing, if private counsel came in this afternoon and said, hey, I am going to represent [defendant], it is well within my discretion to say, you know what, you can file your appearance but that doesn't automatically mean you are going to get a continuance. Even if private counsel had appeared this afternoon, filed their appearance, it would not guarantee a continuance. Because that was within my discretion. And I would advise any private attorney who had come in this afternoon and said, hey, judge, I want to get in on this case, and I would caution them that just again filing an appearance the day of trial does not guarantee a continuance.

[Defendant] is a client of the Will County Public Defender's Office. He cannot fire you. He cannot request specific counsel. He is represented by the Public Defender's Office and represented by the attorneys assigned by the Public Defender ***."

The court then denied the request for continuance. In denying the request, the court noted that "this case has been pending for five years and [defense counsel] has represented [defendant] for several years as well."

¶ 6        The case proceeded to trial that same day after which defendant was found guilty on all counts. Defendant was sentenced to consecutive terms of 38 years' imprisonment for first degree murder and 5 years' imprisonment for concealment of a homicidal death. Defense counsel filed a motion for a new trial on February 10, 2022. The motion argued, *inter alia*, that the State failed to prove defendant's guilt beyond a reasonable doubt and that the court failed to properly consider defendant's self-defense claim. On May 20, 2022, defense counsel informed the court that an amended motion for a new trial had been prepared for filing and tendered to the State. The amended

4

motion included the claim that the court erred in denying defendant's request for a continuance to retain private counsel. After a hearing, the court denied the amended motion. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8         On appeal, defendant argues that the circuit court abused its discretion when it denied his request for a continuance to retain private counsel. Specifically, defendant contends that the court failed to make a sufficient inquiry to properly consider his request when it did not question him directly about his reasons for requesting additional time to retain private counsel.[1]

¶ 9         A defendant's constitutional right to the assistance of counsel (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8), includes the right to retain defendant's counsel of choice. *People v. Jenkins*, 2020 IL App (1st) 172422, ¶ 12. However, the right to counsel of choice is subject to forfeiture when a defendant abuses the right "in an attempt to delay trial and thwart the effective administration of justice." *People v. Tucker*, 382 Ill. App. 3d 916, 920 (2008). "It is within the trial court's discretion to determine whether the defendant's right to selection of counsel unduly interferes with the orderly process of judicial administration." *Id.* In balancing the defendant's right to counsel of choice against the needs of fairness and the demands of its calendar, the court is given great deference. *People v. Roberts*, 2021 IL App (3d) 190445, ¶ 33. A reviewing court will not overturn the decision to deny a continuance for substitution of counsel absent an abuse of discretion. *People v. Segoviano*, 189 Ill. 2d 228, 245 (2000).

---

[1]We note initially that the parties believed the issue to be forfeited based on defendant's assertion that his amended motion for a new trial was never addressed by the circuit court. However, our review of the record indicates that the court accepted and denied defendant's amended motion for a new trial when it was offered by defense counsel in open court, after counsel indicated it was ready to file and had been previously tendered to the State. The State did not object to the court's consideration of the amended motion at the hearing. Accordingly, we find the issue was properly preserved. See *People v. Alexander*, 2019 IL App (3d) 160709, ¶ 15 (holding an issue raised in defendant's untimely filed posttrial motion was not forfeited as the State did not object and the court ruled on the motion).

5

¶ 10    When evaluating the circuit court's exercise of discretion, we consider "the diligence of the movant, the right of the defendant to a speedy, fair and impartial trial, and the interests of justice." *Id.* Additionally, in balancing judicial interests against a defendant's constitutional right to counsel of choice, the court must inquire into the basis for the defendant's request to determine whether it is being employed as a delaying tactic. *Roberts*, 2021 IL App (3d) 190445, ¶ 35. Factors for the court to consider include:

> "whether defendant articulates an acceptable reason for desiring new counsel; whether the defendant has continuously been in custody; whether he has informed the trial court of his efforts to obtain counsel; whether he has cooperated with current counsel; and the length of time defendant has been represented by current counsel." *Tucker*, 382 Ill. App. 3d at 920.

"However, it is well established that a trial court will not be found to have abused its discretion in denying a motion for substitution of counsel in the absence of ready and willing substitute counsel." *Segoviano*, 189 Ill. 2d at 245.

¶ 11    Despite defendant's contention to the contrary, the court here was not required to directly question defendant in order to make a proper inquiry into the circumstances surrounding his request for a continuance to retain private counsel. See *People v. Ramsey*, 2018 IL App (2d) 151071, ¶ 30. The court's discussion with defense counsel provided the court with sufficient information to properly exercise its discretion with respect to defendant's request. The court was informed that defendant lacked confidence in his current counsel, who had already represented him for several years. On the date of trial, with no previous attempts made to replace counsel, defendant requested a six-month continuance to substitute counsel in a homicide case that had been pending for five years. See *People v. Antoine*, 335 Ill. App. 3d 562, 581 (2002) (no abuse of

discretion in denying a request where defendant had been represented by current counsel for the preceding three years and had not requested to substitute counsel during that time). Although defendant's family had either contacted or attempted to contact several attorneys, none were specifically identified and there was no indication that any replacement counsel had been retained or was ready to enter an appearance. See *People v. Burrell*, 228 Ill. App. 3d 133, 142 (1992) (no abuse of discretion in denying a motion "if new counsel is not specifically identified or does not stand ready, willing, and able to make an unconditional entry of appearance *instanter*."). In light of the circumstances, the court did not abuse its discretion when it denied defendant's request for a continuance to retain private counsel.

¶ 12                              III. CONCLUSION

¶ 13        The judgment of the circuit court of Will County is affirmed.

¶ 14        Affirmed.